UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR L. BRASHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BROADWIND ENERGY, INC., J. CAMERON DRECOLL, STEPHANIE K. KUSHNER, MATTHEW J. GADOW, STEPHEN E. GRAHAM, and KEVIN E. JOHNSON,<br>Defendants | Case No. 1:11-cv-00991<br><br>Honorable James B. Zagel |

**MOVANT JERRY PEHLKE, JR.'S MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Movant Jerry Pehlke, Jr. ("Movant" or "Pehlke"), submits this Memorandum in Support of his Motion for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Motion") seeking an Order from the Court: (1) appointing Movant Pehlke as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "1934 Act" or the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (the "PSLRA");[1] (2) approving Movant Pehlke's selection of the law firms of Federman & Sherwood as Lead Counsel and

---

[1] The PSLRA permits any putative class member — regardless of whether they have filed a complaint — to move for appointment of lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion. Courts have held that defendants do not have standing to object to lead plaintiff motions. *See, e.g., In re Waste Management, Inc. Sec. Litig.* 128 F. Supp. 2d 401, 409 (S.D. Tex. 2000).

James T. Crotty & Associates as Liaison Counsel; and (3) granting such other relief as the Court may deem just and proper.

## I. **INTRODUCTION**

Plaintiff Arthur L. Brasher filed this securities class action lawsuit on behalf of purchasers of the common stock of Broadwind Energy, Inc. ("Broadwind" or the "Company") against Broadwind and certain of its present and former officers and directors (collectively referred to herein as "Defendants"). *See* Doc. No. 1, Complaint for Violation of the Federal Securities Laws ("Complaint"). The Complaint asserts claims for violations of Sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5. Plaintiff alleges Defendants violated the federal securities laws by failing to disclose material adverse facts about the Company's true financial condition, business, and prospects, between March 17, 2009, and August 9, 2010 (the "Class Period").

Specifically, the Complaint alleges that: (a) Broadwind's RBA, Inc. subsidiary was experiencing significant issues with key contracts; (b) Broadwind was materially overstating its financial condition by improperly delaying the recognition of the impairment of its goodwill and intangible assets related to its RBA, Inc. subsidiary; (c) as a result of the above, Broadwind's financial statements were not prepared in accordance with generally accepted accounting procedures and were therefore materially false and misleading; (d) the Company was experiencing a reduction in demand from its customers; and (e) as a result of the foregoing, Defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On March 12, 2010, Broadwind announced its financial results for the fourth quarter and fiscal year of 2009, the period ended December 31, 2009. *See* Complaint at ¶45. For the quarter, the Company reported revenues of $32.9 million and a net loss of $92.6 million or $0.96 per basic and diluted share, including a goodwill and intangible charge of $82.2 million. *Id.* In reaction to the Company's weak 2009 fourth quarter results, shares of the Company's stock fell $1.21 per share, or 21%, to close at $4.47 per share, on heavy trading volume. *Id.* at ¶47.

On August 9, 2010, Broadwind issued a press release announcing its financial results for the second quarter of 2010, the period ended June 30, 2010. *Id.* at ¶49. For the quarter, the Company reported revenues of $36.6 million and a net loss of $14.2 million or $0.13 per share. *Id.* In reaction to the disclosure, the price of Broadwind's stock fell $0.35 per share, or 12%, to close at $2.50 per share. *Id.* at ¶50.

The Complaint alleges that (a) Defendants employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted material facts necessary to make the statements made not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's common stock during the Class Period. Because of Defendants' securities violations, the investors paid artificially inflated prices for the Broadwind common stock and were damaged.

Movant is a suitable Lead Plaintiff and class representative in this action, and Movant has satisfied the procedural requirements of the PSLRA. First, Movant is believed to be the moving class member with the largest loss and the most appropriate Lead Plaintiff due to the size of his investment in Broadwind common stock as well as

his interest in the litigation. Movant suffered losses of $852,320 as a result of his transactions in Broadwind securities during the Class Period.[2] *See* Exhibits 1(A) and 1(B) to the Federman Declaration. Second, Movant satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Movant's claims are typical of those of the class, and he will also adequately represent the class. Movant will actively participate in and vigorously pursue this case and has selected and retained Federman & Sherwood as Lead Counsel and James T. Crotty & Associates as Liaison Counsel.

## II. LEGAL ARGUMENT

### A. Requirements for Appointment of Lead Plaintiff.

The PSLRA, which became law December 22, 1995, amended the Exchange Act by adding new sections specifically addressing various matters relating to private lawsuits brought thereunder. Specifically, the PSLRA establishes a procedure for the appointment of a "Lead Plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Section 21D(a)(1)(3); 15 U.S.C. § 78u-4(a)(1),(3). The PSLRA provides that the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action advising class members of the pendency of the action, claims asserted therein, the class period, and their right to file a motion for appointment as lead plaintiff. Section 21D(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).

The PSLRA further provides that within ninety (90) days after the publication of the notice of pendency, the court shall consider any motion made by a class member,

---

[2] An investor certification and table setting forth Movant's purchase and sale of Broadwind common stock during the Class Period, and resulting losses, are attached as Exhibits 1(A) and 1(B) to the Declaration of William B. Federman ("Federman Declaration"), attached hereto as Exhibit 1.

including any class member who is not individually named as a plaintiff in the complaint, and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Section 21D(a)(3)(B)(i), 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA directs courts to presume, when appointing a lead plaintiff pursuant to this statute, "that the most adequate plaintiff" is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];

(bb) in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). The moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Rule 23(a) is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002).

### B. Notice Was Properly Published Under the PSLRA.

On February 11, 2011, Robbins Geller Rudman & Dowd LLP, one of the law firms[3] that filed the initial lawsuit, published a notice over the national newswire, *Business Wire*,[4] advising putative members of the pendency of the action, claims asserted therein, and the class period. *See* Exhibit 1(C) to the Federman Declaration;

---

[3] The following law firms filed the Complaint on behalf of Plaintiff Arthur Brasher: Miller Law LLC, Robbins Geller Rudman & Dowd LLP, Dyer & Berens LLP, and Hozer Hozer & Fistel LLC.

[4] The notice was also published on Yahoo Finance, as well as numerous online news sources. *See* http://finance.yahoo.com/news/ Robbins-Geller-Rudman-Dowd-bw-113080407.html?x=0.

Section 21D(a)(3)(A)(i)(I) of the Exchange Act; 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). The notice also advised the proposed class of their right to move the Court to serve as lead plaintiff no later than sixty (60) days from the publication of the notice. *Id.* The notice was published on the day that the Complaint was filed and therefore met Section 21D(a)(3)(A)(i)'s requirement that it be published within twenty days of the filing of the complaint. Section 21D(a)(3)(i)(II) of the 1934 Act requires notice to be published "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(i). Courts hold that publication on *Business Wire* satisfies Section 21D(a)(3)(A)'s requirement. *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999). *See also, Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, *4 (N.D. Ill. Aug. 11, 1997) (holding that publication on *Investor's Business Daily* satisfied the Section 21D(a)(3)(A) requirement); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (appointing lead plaintiff in case where notice was published in *PR Newswire*).

C. **Movant Pehlke Should Be Appointed Lead Plaintiff.**

As discussed below, Movant satisfies each of the criteria set forth above and is entitled to the presumption set forth in Section 21D(a)(3)(B)(iii)(I) of the Exchange Act (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) that he is the most adequate plaintiff.

    1. **Movant Pehlke Has Moved for Appointment as Lead Plaintiff Within 60 Days of Publication of Notice.**

Movant has moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit. 15 U.S.C. § 78u-4(a)(3)(I)(aa). This Motion contains the required certification setting forth, *inter alia*, Movant's transactions in Broadwind securities during the Class Period, and indicates that Movant has reviewed the Complaint filed in this

action and is willing to serve as the representative party on behalf of the class. *See* Exhibit 1(A) to Federman Declaration. Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

### 2. Movant Has The Largest Financial Interest In The Relief Sought.

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(I)(bb). "While the PSLRA does not specify how [courts] should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (citing *In re Bally Total Fitness Sec. Litig.*, No. 04-C-4697, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)); *Bang v. Acura Pharmaceuticals, Inc.*, No. 10-C-5757, 2011 WL 91099 (N.D. Ill. Jan 11, 2011).

Section 21D(e)(1) of the PSLRA provides that when a plaintiff seeks to establish damages by reference to the market price of a security, the award of damages shall not exceed:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

If a plaintiff sells or repurchases his securities prior to the expiration of the 90-day period, his losses are measured as follows:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading

> price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

15 U.S.C. § 78u-4(e)(2).

Under the calculation under subsection (1), Movant has suffered net losses of $852,320 from his purchases of Broadwind common stock during the Class Period.[5] See Exhibits 1(A) and 1(B) to the Federman Declaration. As of this filing, Movant is unaware of any motion for appointment as lead plaintiff by a class member that claims to have sustained greater financial losses in connection with the purchase and sale of Broadwind common stock during the Class Period. Nor has Movant received any notice that any potential applicant has greater financial losses resulting from purchases of Broadwind stock during the Class Period.

Pehlke believes that he has sustained a greater financial loss in connection with the purchase and sale of Broadwind's common stock during the Class Period than any competing Lead Plaintiff Movant. Accordingly, Pehlke has satisfied this prong of the PSLRA's prerequisites for appointment as Lead Plaintiff.

### 3. Movant Otherwise Satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

---

[5] Movant sold all his Broadwind shares on June 25, 2010, (Federman Declaration at Exhibits 1(A) and 1(B)), subsequent to the March 12, 2010, partial disclosure. See Complaint at ¶¶ 45-47.

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "Only two of the Rule 23 requirements pertain to representative plaintiffs: typicality and adequacy." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005). Accordingly, in selecting the lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23. *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002) (citing *Lax v. first Merchants Acceptance Corp.*, 1997 WL 461036, at *6 (N.D. Ill Aug. 11, 1997) ("'[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification.'")) As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff in this action.

      a. <u>The Claims of Movant Are Typical of the Claims of Other Members of the Class</u>.

Rule 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. "A lead plaintiff meets the typicality requirement if [his] 'claims or defenses . . . are typical of the claims or defenses of the class.'" *Takara Trust*, 229 F.R.D. at 580. "A lead plaintiff's claims can be considered typical if they arise out of the 'same event or practice or course of conduct that gives rise to the claims of other class members,'" and his "'claims are based on the same legal theory.'" *Id.* (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)),

*cert. denied*, 506 U.S. 1051 (1993)).[6] Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality":

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente,* 713 F.2d at 232 (citations omitted).

Movant's claims are typical of, if not identical to, the claims of the other members of the class. Here, Movant: (1) purchased Broadwind common stock during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) was damaged by the alleged fraud. Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all class members. *See Takara Trust*, 229 F.R.D. at 580; *De La Fuente*, 713 F.2d at 232.

        b.    <u>Movant Will Fairly And Adequately Represent The Interests Of The Class</u>.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Takara Trust*, 229 F.R.D. at 580. "This requirement is met if the lead plaintiff is represented by adequate counsel and has no claims that conflict with or are antagonistic to the class." *Takara Trust*, 229 F.R.D. at 580 (citing *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)). So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court believes another plaintiff may be "more typical" or "more adequate," or would do a better

---

[6] *See also Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992).

job. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). "Once the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff, instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair [] and adequate []' job." *In re Cavanaugh*, 306 F.3d at 732, n.10 (quoting *In re Cendant Corp. Litig.*, 264 F.2d 201, 268 (3d Cir. 2001), *cert denied*, 535 U.S. 929 (2002)). Movant will fairly and adequately protect the interests of this class.

First, counsel for the class is well-qualified. Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law claims. *See* Federman & Sherwood resume attached as Exhibit 1(D) to the Federman Declaration. Second, there are no potential conflicts between Movant and the interests of the absent class members. Movant's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movant has indicated that he will protect the interests of the class, as reflected in Movant's investor certification. *See* Exhibit 1(A) to Federman Declaration. Moreover, having suffered the largest financial loss of all class members seeking to be appointed lead plaintiff in the action, Movant has a strong incentive to pursue this action vigorously on behalf of the entire class.

In short, Movant would adequately represent and protect the interests of the putative class. Consequently, Movant meets the requirements of Section 21D(a)(3)(B)(iii)(I)(aa)-(cc) of the 1934 Act and should be appointed as Lead Plaintiff in this action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

    D.    <u>The Court Should Approve Movant Pehlke's Choice of Counsel</u>.

The "most adequate plaintiff shall, subject to court approval, select and retain

counsel to represent the class." Section 21D(a)(3)(B)(v) of the PLSRA; 15 U.S.C. § 78u-4(a)(3)(B)(v). The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the court that selects counsel. *Id.* at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id.* Movant has selected and retained Federman & Sherwood as Lead Counsel and James T. Crotty & Associates as Liaison Counsel. Federman & Sherwood possesses extensive experience in the areas of securities and other complex litigation, and James T. Crotty & Associates has extensive experience in trial of complex commercial matters. *See* Exhibits 1(D) and 1(E) to Federman Declaration. The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movant's selection of Lead and Liaison Counsel.

### III. CONCLUSION

For the reasons set forth above, the Court should: (1) appoint Jerry Pehlke, Jr. as Lead Plaintiff in this action; (2) approve Jerry Pehlke, Jr.'s selection of Federman & Sherwood as Lead Counsel and James T. Crotty & Associates as Liaison Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: April 12, 2011

Respectfully Submitted,

By: /s/James T. Crotty
James T. Crotty (0549029)
JAMES T. CROTTY & ASSOCIATES
3S126 S. Park Blvd.
Glen Ellyn, IL 60137
Telephone: (312) 623-1599
Facsimile: (312) 553-1586
jamestcrotty@aol.com

*Proposed Liaison Counsel for Plaintiffs*

William B. Federman, Esq.
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

*Proposed Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

This is to certify that on April 12, 2011, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Marvin A. Miller, Esq.
Lori A. Fanning, Esq.
MILLER LAW LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676
lfanning@millerlawll.com
mmiller@millerlawllc.com

*Attorneys for Plaintiff Arthur L. Brasher*

James Wallace Ducayet, Esq.
Kristen R. Seeger, Esq.
Brian S. Shull, Esq.
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
jducayet@sidley.com
kseeger@sidley.com
bshull@sidley.com

*Attorneys for Defendant Broadwind Energy, Inc.*

This is to certify that on April 12, 2011, a true and correct copy of the foregoing pleading was mailed by first class mail, postage prepaid, to the following parties listed below:

Samuel H. Rudman, Esq.
Mario Alba Jr., Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

Jeffrey A. Berens
DYER & BERENS LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: (303) 861-1764
Facsimile:　(303) 395-0393

Michael I. Fistel, Jr., Esq.
Marshall Dees, Esq.
HOLZER, HOLZER & FISTEL, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: (770) 392-0090
Facsimile:　(770) 392-0029

*Attorneys for Plaintiff Arthur L. Brasher*

　　　　　　　　　　　　　　　　　　　　　　　s/James T. Crotty