UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR L. BRASHER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:11-cv-00991 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | |
| BROADWIND ENERGY, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF JEFF BISCHOFF AND EUGENE STEPNIAK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

618452_1

Class member Jeff Bishoff and Eugene Stepniak (collectively "Movants"), respectfully submit this memorandum of law in support of their motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Miller Law LLC ("Miller Law") as liaison counsel for the class.

I.  INTRODUCTION

Currently pending in this district is a securities class action brought on behalf of all persons who purchased or otherwise acquired the common stock of Broadwind Energy, Inc. ("Broadwind" or the "Company") between March 17, 2009 and August 9, 2010, inclusive (the "Class Period"), against Broadwind and certain of its officers and/or directors. This action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court is to "appoint as lead plaintiff the member or members of the purported plaintiff class the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Messrs. Bischoff and Stepniak should be appointed as lead plaintiff because they: (1) timely filed their motion; (2) to their counsel's knowledge, have the largest financial interest in the relief sought by the class of any class member seeking appointment as lead plaintiff; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, Movants' selection of Robbins Geller as lead counsel and Miller Law as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Broadwind provides products and services to the wind energy industry primarily in the United States. Throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, Broadwind failed to disclose that: (a) its R.B.A., Inc. ("RBA") subsidiary was experiencing significant issues with key contracts; (b) the Company was materially overstating its financial condition by improperly delaying the recognition of the impairment of its goodwill and intangible assets related to its RBA subsidiary; (c) as a result of the above, Broadwind's financial statements were not prepared in accordance with Generally Accepted Accounting Procedures and, therefore, were materially false and misleading; (d) the Company was experiencing a reduction in demand from its customers; and (e) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On March 12, 2010, Broadwind announced its financial results for the fourth quarter and fiscal year of 2009, the period ended December 31, 2009. For the quarter, the Company reported revenues of $32.9 million and a net loss of $92.6 million or $0.96 per basic and diluted share, including a goodwill and intangible charge of $82.2 million. In reaction to the Company's weak 2009 fourth quarter results, shares of the Company's stock fell $1.21 per share, or 21%, to close at $4.47 per share, on heavy trading volume.

Then, on August 9, 2010, Broadwind issued a press release announcing its financial results for the second quarter of 2010, the period ended June 30, 2010. For the quarter, the Company reported revenues of $36.6 million and a net loss of $14.2 million or $0.13 per share. In reaction to the disclosure of the continued weak demand for the Company's products, the price of Broadwind's stock fell 12%, to close at $2.50 per share.

### III. ARGUMENT

#### A. Messrs. Bischoff and Stepniak Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice advises class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication of the notice. In response to this notice, any class member may then submit a motion for appointment as lead plaintiff.

Next, the PSLRA provides that in appointing the lead plaintiff, the Court shall adopt a presumption that the most adequate plaintiff, and hence the lead plaintiff, is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Messrs. Bischoff and Stepniak satisfy each of these requirements and should therefore be appointed as lead plaintiff.

#### 1. This Motion Is Timely

The notice published in this action informed class members that the deadline to move for appointment as lead plaintiff was 60 days from February 11, 2011, or April 12, 2011. *See* Exhibit B

- 3 -

618452_1

attached to Jeff Bischoff and Eugene Stepniak's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel ("Motion"); 15 U.S.C. §78u-4(a)(3)(A). Messrs. Bischoff and Stepniak have therefore timely filed their motion. *Id.* In addition, Messrs. Bischoff and Stepniak have each submitted a sworn certification confirming their willingness and ability to serve as lead plaintiff. *See* Motion, Ex. C. Thus, Messrs. Bischoff and Stepniak have complied with the PSLRA's first requirement and are entitled to be considered for appointment as lead plaintiff.

### 2. Movants Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Messrs. Bischoff and Stepniak collectively purchased 1,500 shares of Broadwind common stock and lost over $9,700 due to defendants' misconduct. *See* Motion, Exs. C, D. To the best of their counsel's knowledge, there are no other applicants seeking appointment as lead plaintiff who have a larger financial interest. Therefore, Movants satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Movants Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations." *In re Motorola Sec. Litig.*, No. 03 C 287, 2003 U.S. Dist. LEXIS 12651, at *10 (N.D. Ill. July 23, 2003) (Pallmeyer, J.) (explaining that a "wide-ranging analysis of the Rule 23 factors should be left for consideration of a motion for class certification").

Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative

parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Under Rule 23(a), claims are typical if they "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (citation omitted). Typicality exists even if there are some factual distinctions between the claims of the named plaintiff and those of other class members. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "To meet the adequacy requirement, the plaintiff must demonstrate that (1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure zealous advocacy; (3) he is represented by competent, experienced counsel who will be able to prosecute the litigation vigorously." *Motorola*, 2003 U.S. Dist. LEXIS 12651, at *11.

Here, Messrs. Bischoff and Stepniak satisfy the typicality requirement for purposes of selecting lead plaintiff because, like other class members, they: (1) purchased Broadwind common stock during the Class Period; (2) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (3) thereby suffered damages. Thus, Movants' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Additionally, as explained below, Messrs. Bischoff and Stepniak's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Movants believe that all of these factors sufficiently evidence their capacity and willingness to serve as lead plaintiff.

Thus, Messrs. Bischoff and Stepniak satisfy the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B. The Court Should Approve Movants' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Messrs. Bischoff and Stepniak have selected Robbins Geller to serve as lead counsel and Miller Law as liaison counsel.

Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Motion, Ex. F. Robbins Geller's reputation for excellence has been repeatedly noted by district courts throughout the country and has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.[1] In addition, Robbins Geller attorneys are responsible for attaining the largest securities fraud class action recovery ever, as well as the largest recoveries in the Fifth, Sixth and Eighth Circuits. *See In re Enron Corp. Sec.*, Case No. H-01-3624 (S.D. Tex.) (Harmon, J.) ($7.3 billion recovery for the class is largest in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, Case No. C2-04-00575 (S.D. Ohio) (Marbley, J.) ($600 million recovery for the class was, at the time, the 10th largest in U.S. history and is still the largest recovery ever in the Sixth Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, Case No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J.) ($925 million recovery for the class and the 10th largest recovery in U.S. history).

---

[1] Judge Melinda Harmon commented that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country." *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008). Similarly, Judge Algenon Marbley, in approving the $600 million recovery by Robbins Geller lawyers in *Cardinal Health*, noted that the "quality of representation in this case was superb." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (Robbins Geller lawyers are "nationally recognized leaders in complex securities class actions. The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action.").

The attorneys at Miller Law, a litigation boutique law firm in Chicago, have many decades of experience in complex civil litigation, including securities class actions, in this District. *See* Motion, Ex. E; *see also In re Bank One S'holders Class Actions*, Case No. 00-880 (N.D. Ill. 2000) (Marvin A. Miller appointed by the Court as liaison counsel to draft and file consolidated complaint). The skill and experience of Miller Law's attorneys has been recognized by numerous courts which have appointed the firm to leadership positions in complex securities litigation. Two decades ago, Judge Milton I. Shadur of this court commented on Marvin Miller's skills and said that he is "an experienced securities law class action litigator and who also has 20 years [now 40 years] practice under his belt. This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate." *In re Telesphere Int'l Sec. Litig.*, 753 F. Supp. 716, 719 (N.D. Ill. 1990) (Shadur, J.). Those same qualities continue and have been recognized by other courts in this District and across the country.[2]

In addition to their individual accomplishments, Robbins Geller and Miller Law's lawyers have been appointed to serve together as lead and liaison counsel in numerous securities fraud and other complex class actions in this District and by this court. *See, e.g.*, *NECA-IBEW Pension Fund (The Decatur Plan) v. Northern Trust Corp.*, No. 10-05339 (N.D. Ill. 2010) (Lefkow, J); *Jones v. Corus Bankshares*, No. 09-1538 (N.D. Ill. 2009) (Bucklo, J.); *Plumbers and Pipefitters Local Union 630 v. Allscripts-Misys Healthcare Solutions Inc.*, No. 09-4726 (N.D. Ill. 2009) (Castillo, J.);

---

[2] *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85 (D. Mass. 2005) (in granting final approval of $75 million settlement in which Miller Law attorneys served as co-lead counsel, the court noted that "Class counsel here exceeded my expectations in these respects [*i.e.*, experience, competence, and vigor] in every way"); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Guzman, J.) (Miller Law approved as liaison counsel); *Makor Issues & Rights & Ltd. v. Tellabs, Inc.*, No. 02-4356 (N.D. Ill. 2002) (St. Eve, J.) (same); *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-7527 (N.D. Ill. 2002) (Bucklo, J.) (same). Most notably, the *Makor Issues* case was argued before the United States Supreme Court and created precedent for the pleading standard in securities cases. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).

*Plumbers and Steamfitters Local No. 7 Pension Fund v. Walgreen Co.*, No. 08-2162 (N.D. Ill. 2008) (Gottschall, J.); *Silverman v. Motorola, Inc*., No. 07-4507 (N.D. Ill. 2007) (St. Eve, J.); *Takara Trust v. Molex Inc*., No. 05-1245 (N.D. Ill. 2005) (Castillo, J.); *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig*., No. 05-7097 (N.D. Ill. 2005) (Aspen, J.); *Roth v. OfficeMax Inc*., No. 05-236 (N.D. Ill. 2005) (Gottschall, J.); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Guzman, J.).

*Household*, in particular, is but one example of how effectively the lawyers from Robbins Geller and Miller Law have successfully worked together to benefit classes of injured investors. Following Robbins Geller's appointment as lead counsel and Miller Law's appointment as liaison counsel, the firms defeated defendants' motions to dismiss and obtained certification of the class. For more than six years, Robbins Geller and Miller Law methodically prepared the *Household* case for trial, taking more than 60 depositions and reviewing countless millions of pages of documentary evidence. In 2009, the firms' joint efforts yielded a plaintiffs' verdict. The *Household* trial and favorable verdict demonstrates Robbins Geller's and Miller Law's willingness to commit the necessary resources to protect the interests of the class.

In sum, the experience, resources and synergies which Robbins Geller and Miller Law will bring to this action if appointed as lead and liaison counsel on behalf of the class will ensure the class' interests are responsibly and vigorously advanced. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Miller Law. *See* Motion, Exs. E & F. Accordingly, Messrs. Bischoff and Stepniak's selection of counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, Messrs. Bischoff and Stepniak respectfully request that the Court: (1) appoint Jeff Bischoff and Eugene Stepniak as Lead Plaintiff; and (2) approve their selection of Robbins Geller to serve as Lead Counsel and Miller Law as Liaison Counsel for the class.

DATED: April 12, 2011                                PLAINTIFF

                                                     By: s/Marvin A. Miller
                                                         MARVIN A. MILLER

MARVIN A. MILLER
LORI A. FANNING
MILLER LAW LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN O. O'MARA
JAMES E. BARZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

- 9 -

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

    I, Marvin A. Miller, one of the attorneys for movants, hereby certify that on April 12, 2011, service of the foregoing document was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                                                                                       */s/    Marvin A. Miller*
                                                                                                        Marvin A. Miller