**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARTHUR L. BRASHER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 11-CV-0991 |
| v. | ) |
| | ) Honorable James B. Zagel |
| BROADWIND ENERGY, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## BROADWIND DEFENDANTS' MOTION TO DISMISS

Defendant Broadwind Energy, Inc. ("Broadwind"); Defendants J. Cameron Drecoll, Stephanie K. Kushner, Matthew J. Gadow, Stephen E. Graham, and Kevin E. Johnson (collectively, the "Officer Defendants"); Defendants James M. Lindstrom, David P. Reiland, Charles H. Beynon, William T. Fejes, and Terence P. Fox (collectively, the "Director Defendants") (all of the above collectively, the "Broadwind Defendants"), by their attorneys, hereby move this Court to dismiss this action on the following grounds, which are more fully set forth in the accompanying Memorandum of Law:

1. This is a purported shareholder class action in which Plaintiffs allege violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

2. This action is governed by the Private Securities Litigation Reform Act ("PSLRA"), which sets forth exacting pleading standards for all private rights of action brought under the Act. *See* 15 U.S.C. § 78u-4.

3. For all of the reasons set forth in the Memorandum, the Complaint fails to state a claim under the PSLRA. *First*, Plaintiffs do not allege, with requisite particularity, that the Defendants made any false statements, or omitted to disclose information necessary to make the statements made not misleading. *Second*, the alleged forward-looking statements were accompanied by meaningful cautionary language and are protected by the Safe Harbor of the PSLRA. *Third*, Plaintiffs fail to allege facts giving rise to the required "strong inference" of scienter. *Fourth*, Plaintiffs do not allege loss causation with respect to any statements made after March 12, 2010.

4. For all of these reasons, the Court should dismiss Count I of the Amended Complaint, which alleges claims under Section 10(b) and Rule 10b-5.

5. Dismissal of Plaintiffs' Section 10(b) and Rule 10b-5 claims mandates dismissal of Count II of the Complaint, which alleges claims under Section 20(a) of the Exchange Act. This Count should be dismissed for the additional reason that Plaintiffs fail to properly allege that the Individual Defendants exercised control over Broadwind.

WHEREFORE, the Broadwind Defendants respectfully request that the Court dismiss the Amended Class Action Complaint with prejudice.

November 18, 2011

/s/ James W. Ducayet
James W. Ducayet
Kristen R. Seeger
Meredith Jenkins Laval
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7000

*Counsel for the Broadwind Defendants*

**CERTIFICATE OF SERVICE**

I, Meredith Jenkins Laval, one of the Broadwind Defendants' attorneys, hereby certify that on November 18, 2011, service of the foregoing Broadwind Defendants' Motion to Dismiss was accomplished pursuant to ECF as to Filing Users and in compliance with L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Meredith Jenkins Laval
Meredith Jenkins Laval