UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------x
ARTHUR L. BRASHER, *et al.*,   :
                                                      : Case No. 11-CV-0991
             Plaintiffs,          :
                                                      : Honorable James B. Zagel
             v.                     :
BROADWIND ENERGY, INC., *et al.*,   :
             Defendants.     :
---------------------------------------------------------x

**TONTINE DEFENDANTS' MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS**

Defendants Tontine Capital Partners, L.P., Tontine Capital Overseas Master Fund, L.P., Tontine Partners, L.P., Tontine Overseas Fund, Ltd., Tontine 25 Overseas Master Fund, L.P., and Jeffrey Gendell (collectively, "Tontine" or the "Tontine Defendants"), through the below attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Count II the Amended Class Action Complaint For Violation of the Federal Securities Laws (Dkt. No. 41) (the "Complaint") filed by plaintiffs Arthur L. Brasher, Jerry Pehlke, Jr., and Brian M. Grothues, and in support thereof state:

      1.      The Tontine Defendants have filed a memorandum of law in support of this Motion, which they incorporate herein.

      2.      Count II of the Complaint purports to state a claim against the Tontine Defendants for control person liability pursuant to Section 20(a) of the Securities Exchange Act in connection with alleged Section 10(b) violations committed by Broadwind Energy, Inc.

("Broadwind" or the "Company") due to their alleged status as "controlling shareholders" of the Company. Defendants J. Cameron Drecoll, Stephanie K. Kushner, Matthew J. Gadow, Stephen E. Graham, Kevin E. Johnson, James M. Lindstrom, David P. Reiland, Charles H. Beynon, William T. Fejes and Terence P. Fox (collectively, the "Individual Defendants") also are alleged to have committed Section 10(b) violations and also are alleged to be liable as control persons for the Company's purported Section 10(b) violations. Plaintiffs do not allege that the Tontine Defendants are primarily liable for any securities law violations, or that the Tontine Defendants are secondarily liable as controlling persons of the Individual Defendants.

3. The control person claim against the Tontine Defendants necessarily fails as a matter of law because the Complaint fails to state a viable predicate violation of Section 10(b) against the Company in accordance with the stringent pleading requirements of the Private Securities Litigation Reform Act. Plaintiffs have not pled a single actionable misstatement, nor have they pled particularized facts necessary to create a strong inference that any of the alleged misstatements were made with the requisite level of scienter.

4. The control person claim against the Tontine Defendants also fails as a matter of law because the Complaint lacks any well-pled allegations establishing either prong of the Seventh Circuit's two-part test "control person" test.

5. There is not a single allegation, conclusory or otherwise, that the Tontine Defendants actually exercised general control over Broadwind's operations. Plaintiffs' conclusory assertions that the Tontine Defendants, as owners of approximately 47.7% of Broadwind's common stock, were "controlling shareholders" of Broadwind are deficient as a matter of law, nor do any of the Complaint's other allegations establish that the Tontine

Defendants either possessed the ability to control Broadwind or exercised general control over the Company's operations.

6. Similarly, other than its patently deficient allegations that Tontine was a large, minority shareholder of Broadwind with the ability to nominate three directors, the Complaint fails to allege any basis upon which to conclude that the Tontine Defendants had the specific ability to control either the content of the Company's public disclosures or its January 2010 secondary offering of Broadwind common stock.

**WHEREFORE,** for the reasons set forth above, and in the accompanying memorandum of law, the Tontine Defendants respectfully request that this honorable Court dismiss Count II of the Complaint against Tontine in its entirety and with prejudice.

Dated: November 18, 2011

Respectfully submitted,

/s/ John C. Martin

John C. Martin
LAW OFFICES OF JOHN C. MARTIN, LLC
30 N. LaSalle St., Suite 3400
Chicago, Illinois 60602
(312) 368-9000

Gary Stein
Michael G. Cutini
David J. Lubitz
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for the Tontine Defendants*

**CERTIFICATE OF SERVICE**

I, John C. Martin, one of the attorneys for the Tontine Defendants, hereby certify that on November 18, 2011, service of the foregoing Motion was accomplished pursuant to ECF as to Filing Users and in compliance with L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

**/s/ John C. Martin**

John C. Martin