**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARTHUR L. BRASHER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 11-CV-0991 |
| v. | ) |
| | ) Honorable James B. Zagel |
| BROADWIND ENERGY, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN</u>**

Plaintiffs Jerry Pehkle, Jr., Arthur L. Brasher, and Brian M. Grothues (collectively, "Plaintiffs"), and defendants Broadwind Energy, Inc. ("Broadwind") and J. Cameron Drecoll (collectively, "Defendants"), respectfully submit this Joint Discovery Plan and Report. Counsel for the parties met telephonically on April 25, 2012 to discuss the matters required under Rule 26(f).

## PROPOSED DISCOVERY AND CLASS CERTIFICATION SCHEDULE

| Matter | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Initial Disclosures | May 11, 2012 ||
| Class Certification – Opening Brief (including any expert report that Plaintiffs intend to submit in support of their motion) | June 22, 2012 ||
| Class Certification – Depositions of putative class representative(s) and Plaintiffs' expert(s) complete | July 27, 2012 ||
| Class Certification – Opposition Brief (including any report that Defendants intend to submit in support of their opposition) | August 17, 2012 ||
| Class Certification – Deposition(s) of Defendants' expert(s) complete | August 31, 2012 ||
| Class Certification – Reply Brief | September 21, 2012 ||
| Plaintiffs to disclose topics on which they may present expert opinion testimony | 60 days after ruling on motion for class certification ||
| Defendants to disclose topics on which they may present expert opinion testimony | 90 days after ruling on motion for class certification ||
| Close of Fact Discovery | 150 days after Court's ruling on motion for class certification | 90 days after Court's ruling on motion for class certification[1] |
| Plaintiffs' Expert Reports | 30 days after close of fact discovery ||
| Defendants' Expert Reports | 60 days after close of fact discovery ||
| Close of Expert Discovery | 30 days after date for Defendants' expert reports ||

## DISCOVERY LIMITATIONS AND DISCOVERY OF ELECTRONICALLY STORED INFORMATION

**1.  Scope of Discovery:** The parties currently anticipate that discovery will be needed on a number of issues. The parties believe that it is impractical to list all the principal issues of fact on which discovery will be needed other than to explain generally that the parties will need factual discovery related to class certification, the elements of the claims pled in the

---

[1] This proposal assumes no adjustment to the rules regarding the number of depositions.

Amended Complaint that remain in the case, any damages that may potentially flow from such claims, and any claims and/or defenses pled in Defendants' Answer.

2. **Number of Depositions:**

**Plaintiffs' Position**

Plaintiffs' position is that the ten (10) deposition limit allowed under Fed. R. Civ. P. 30(a)(2)(A)(i) should be amended to permit twenty (20) depositions, inclusive of depositions of non-parties, per side, subject to the Court's approval. Plaintiffs reserve the right to request additional depositions if necessary.

**Defendants' Position**

Defendants' position is that the ten (10) deposition limit allowed under Fed. R. Civ. P. 30(a)(2)(A)(i) should not be amended. There is no need at this time to allow a greater number of depositions, as the parties can meet and confer to expand the number if necessary, and any party could seek to expand the number by order of the Court if necessary.

3. **Electronically Stored Information:** The parties agree that electronically stored information should be produced as TIFF images and/or native or other format as necessary, with access to agreed-upon fields of metadata. If the parties cannot reach such an agreement, they will seek assistance from the Court.

4. **Protective Order:** The parties have prepared a Protective Order pursuant to Fed. R. Civ. P. 26(c) that they will submit for the Court's approval.

5. **Other Items:** Except as otherwise set forth herein, the parties do not believe that any changes must be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules.

                                                                        Respectfully submitted,

Date: May 14, 2012　　　　　　　　/s/ William B. Federman_____
　　　　　　　　　　　　　　　　　William B. Federman
　　　　　　　　　　　　　　　　　Jennifer S. Montagna
　　　　　　　　　　　　　　　　　FEDERMAN & SHERWOOD
　　　　　　　　　　　　　　　　　10205 N. Pennsylvania Avenue
　　　　　　　　　　　　　　　　　Oklahoma City, OK 73120
　　　　　　　　　　　　　　　　　(405) 235-1560

　　　　　　　　　　　　　　　　　*Lead Counsel for Plaintiffs*

　　　　　　　　　　　　　　　　　James T. Crotty
　　　　　　　　　　　　　　　　　JAMES T. CROTTY & ASSOCIATES
　　　　　　　　　　　　　　　　　208 S. LaSalle St., Suite 1750
　　　　　　　　　　　　　　　　　Chicago, IL 60604
　　　　　　　　　　　　　　　　　(312) 623-1599

　　　　　　　　　　　　　　　　　*Liaison Counsel for Plaintiffs*

　　　　　　　　　　　　　　　　　Samuel H. Rudman
　　　　　　　　　　　　　　　　　Joseph Russello
　　　　　　　　　　　　　　　　　Andrea Y. Lee
　　　　　　　　　　　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　　　　& DOWD LLP
　　　　　　　　　　　　　　　　　58 South Service Road, Suite 200
　　　　　　　　　　　　　　　　　Melville, NY 11747
　　　　　　　　　　　　　　　　　(631) 367-7100

　　　　　　　　　　　　　　　　　*Additional Counsel for Plaintiffs*


Date: May 14, 2012　　　　　　　　/s/ James W. Ducayet_____
　　　　　　　　　　　　　　　　　James W. Ducayet
　　　　　　　　　　　　　　　　　Kristen R. Seeger
　　　　　　　　　　　　　　　　　Meredith Jenkins Laval
　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　One South Dearborn Street
　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　Tel: (312) 853-7000

　　　　　　　　　　　　　　　　　*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Meredith Jenkins Laval, one of Broadwind Energy, Inc.'s attorneys, hereby certify that on May 14, 2012, service of the foregoing Joint Preliminary Report and Discovery Plan was accomplished pursuant to ECF as to Filing Users and in compliance with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Meredith Jenkins Laval
Meredith Jenkins Laval