UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR L. BRASHER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:11-cv-00991 |
| | ) | |
| vs. | ) | Honorable James B. Zagel |
| | ) | |
| BROADWIND ENERGY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23(a), 23(b)(3), and 23(c)(1) of the Federal Rules of Civil Procedure, Lead Plaintiff Jerry Pehlke, Jr., and proposed class representative Brian Grothues (collectively, "Plaintiffs"), by their counsel, respectfully move this Court for an Order: (a) certifying this action as a class action on behalf of a class, defined as:

> All persons and entities who purchased or otherwise acquired the common stock of Broadwind Energy, Inc. ("Broadwind" or the "Company") from March 16, 2009 through March 19, 2010, inclusive (the "Class Period"), excluding Defendants Broadwind and J. Cameron Drecoll ("Drecoll"), any entity in which Defendants have or had a controlling interest, the officers and directors of Broadwind and members of their immediate families, and the legal representatives, heirs, successors, and assigns of any such excluded party.

(b) appointing Plaintiffs as class representatives; and (c) appointing Federman & Sherwood as class counsel and James T. Crotty & Associates as liaison counsel for the class.

The class should be certified pursuant to Rule 23(a) and 23(b)(3) because the Rule's prerequisites are satisfied.

1. Rule 23(a)(1)'s numerosity requirement is satisfied. Members of the class are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs believe that there are hundreds, if not thousands,

of class members who are geographically dispersed across the country. Their identity and location can be readily obtained from Defendants' files and records.

2. Common questions of fact and law exist as to all members of the class and predominate over any questions solely affecting individual members of the class, in satisfaction of Rule 23(a)(2) and 23(b)(3). Predominant questions of fact and law common to the class include:

> a) whether Defendants violated federal securities laws;
>
> b) whether statements made by Defendants to the investing public misrepresented material facts about the Company;
>
> c) whether defendants knew or recklessly disregarded that their statements were false and misleading;
>
> d) whether the prices of Broadwind common stock was artificially inflated during the Class Period; and
>
> e) to what extent the members of the class have sustained damages and the proper measure of damages.

3. Plaintiffs' claims are typical of the claims of the other members of the class, in satisfaction of Rule 23(a)(3). Plaintiffs and other members of the class have sustained damages because of Defendants' alleged unlawful activities.

4. Plaintiffs and their counsel adequately represent the class in satisfaction of Rules 23(a)(4) and 23(g). Plaintiffs have retained counsel competent and experienced in securities fraud class actions and complex litigation, have prosecuted, and are intending to continue to prosecute this action vigorously. Plaintiffs have no interests which are contrary to or in conflict with those of the class.

5. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. *See* Fed. R. Civ. P. 23(b)(3).

6. Plaintiffs have filed contemporaneously a brief and various declarations in support of this motion.

WHEREFORE, based upon the Amended Class Action Complaint for Violation of the Federal Securities Laws, and for the reasons set forth above and in Plaintiffs' contemporaneously filed supporting brief and supporting declarations, this Court should enter an Order (i) certifying this action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appointing Pehlke and Grothues as class representatives; and (iii) appointing Federman & Sherwood as class counsel and James T. Crotty & Associates as liaison counsel for the class.

Dated: June 22, 2012

Respectfully submitted,

/s/ William B. Federman
William B. Federman
Jennifer S. Montagna
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

*Lead Counsel for Plaintiffs*

James T. Crotty
JAMES T. CROTTY & ASSOCIATES
208 S. LaSalle St., Suite 1750
Chicago, IL 60604
Telephone: (312) 623-1599

*Liaison Counsel for Plaintiffs*

        Samuel H. Rudman
        Joseph Russello
        Andrea Y. Lee
        ROBBINS GELLER RUDMAN
         & DOWD LLP
        58 South Service Road, Suite 200
        Telephone: (631) 367-7100

        *Additional Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I, William B. Federman, one of Plaintiffs' attorneys, hereby certify that on June 22, 2012, service of the foregoing Plaintiffs' Motion for Class Certification was accomplished pursuant to ECF as to Filing Users and in compliance with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

        /s/ William B. Federman