IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR L. BRASHER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BROADWIND ENERGY, INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 11-CV-0991 <br> ) <br> ) Honorable James B. Zagel <br> ) <br> ) <br> ) <br> ) |

**PROTECTIVE ORDER**

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, IT IS STIPULATED AND AGREED THAT:

1. This Stipulation and [Proposed] Protective Order ("Protective Order") governs the treatment of all documents, depositions, deposition exhibits, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party ("Producing Party") in the above-captioned matter ("Action").

2. Any Producing Party may designate as confidential any Discovery Material that it believes in good faith contains legally protectable information, confidential trade secrets, non-public research, development, or commercial information in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. All Discovery Material so designated shall be referred to in

this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

3. All Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing, in an unobtrusive manner, the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the face of the document and on each page or portion thereof so designated or in the case of documents produced in native format by including the word "CONFIDENTIAL" in the file name or if that cannot be done by some other manner agreed to by the parties. Any such designation shall subject the document, its contents, or any portion thereof, to this Protective Order without any further act on the part of the Producing Party.

4. Confidential Discovery Material may be disclosed or made available without prior written consent from the Producing Party *only* to the following persons:

(a) The parties to this litigation and their counsel (including attorneys, paraprofessionals, and employees of such law firms), including the Lead Plaintiff, Plaintiffs, and any proposed or appointed Class Representative(s), who hereby agree to be bound by this Protective Order;

(b) Experts or consultants retained to assist counsel for the parties described in subparagraph 4(a), *provided that* any such experts or consultants first execute the Undertaking prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s);

(c) Employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of the Action, *provided that* such person(s)

execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosures;

(d) Potential non-party witnesses in this Action and their counsel, if separate from counsel to the parties, if such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery, *provided that* any such persons and any such counsel execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making disclosure;

(e) Any witness deposed in this Action if that witness is shown material that is designated pursuant to this Protective Order, who shall be provided prior to his, hers, or its deposition with a copy of this Protective Order and who shall agree that he, she, or it (and such person's counsel, if any), is bound by the terms of this Protective Order by virtue of an Order of the Court.

(f) The author or recipient of the document(s) or the original source of the information with respect to the portion(s) of the document authored or provided by him, her, or it;

(g) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(h) The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

(i) Any person or entity who counsel for the parties and counsel for the Producing Party agree should have access to such materials and who agrees to be bound by the

terms of this Order by executing the Undertaking prior to any disclosure, a copy of which signed Undertaking is retained by the party making such disclosure.

5. Absent written agreement of the parties including, where applicable, counsel for the Producing Party, Confidential Discovery Material shall be used only for the prosecution or defense of this Action, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material, or pursuant to a document request, subpoena or court order in another action during the pendency of this action provided that the party receiving such document request, court order, or subpoena gives prompt notice to the Producing Party so that the Producing Party has an opportunity to seek relief from the document request, order, or subpoena.

6. The inadvertent failure to stamp a document, or a portion thereof, with the "Confidential" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the receiving party, in writing, after becoming aware that the Confidential Information was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Information and shall promptly provide a replacement copy of such material with the appropriate "Confidential" designation thereupon. Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order.

7. This Court declares that if, in connection with this proceeding, the Producing Party inadvertently discloses material covered by the attorney-client privilege or work-product protection ("Privileged Material"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of rights, privileges or protections that the Producing Party would be entitled to assert with respect to the disclosed Privileged Material in this Court or in any other Federal or State court proceeding, unless such disclosure was intentional by the Producing Party. Instead, any disclosed Privileged Material and its subject matter shall be treated as if there had been no disclosure. Nothing in this paragraph restricts any Party's right to challenge a claim of privilege in this action.

8. If any such Privileged Material is inadvertently produced, the recipient of the Privileged Material agrees that, upon discovery of or notification of such a disclosure, it will: (a) promptly return the Privileged Material and all copies of the Privileged Material in its possession; (b) delete any versions of the Privileged Material from any database it maintains; (c) retrieve all electronic and paper copies of the Privileged Material provided to any third parties, including experts; (d) destroy any notes that reveal the substance of the Privileged Material; (e) notify the Producing Party and all other Parties; and (f) make no use of the privileged information contained in the Privileged Material.

9. The Party to whom any inadvertently produced Privileged Material was returned shall retain the returned material until the end of the case, including any appeals. If the protected Privileged Material is used, or the substance thereof discussed, in a deposition prior to the time of discovery of or notification of the inadvertent disclosure, such testimony may not be used for any purpose as long as the Producing Party notifies the other Parties of the privileged nature of the Privileged Material and the testimony affected within a reasonable time after determining

5

that the Privileged Material is privileged, subject to the right of the Non-Producing Party to promptly apply to the Court for a determination of the use of such testimony.

10. Within a reasonable time after the discovery of the inadvertent disclosure, the Producing Party shall describe the basis for the claim that the Privileged Material is privileged or otherwise protected from disclosure. Within three (3) business days of receipt of such description by the Producing Party, the Party to whom the document was produced shall, in writing, inform the Producing Party of the acceptance or rejection of the claim that the document is Privileged Material and the basis for such position and the parties shall confer in a good faith effort to resolve the dispute without Court intervention. The parties agree that, in the event that they cannot reach agreement on the issue, they may apply for an order that such Privileged Material is not protected from disclosure by any privilege, law, or doctrine and may ask the Court to review the documents *in camera*. During the pendency of such application, the person challenging the designation may retain a copy of the purportedly Privileged Material, which may only be used consistent with the terms of this Protective Order, including that the person challenging the designation may not (i) assert as a ground for such motion the fact or circumstances of the inadvertent production (other than to argue that the production was not inadvertent); or (ii) rely upon or otherwise reveal the protected contents of the Privileged Material.

11. A Producing Party may, on the record of a deposition, or within 30 business days after receipt of the final transcript(s) of such deposition, designate in good faith any portion or portions of such transcript(s), including exhibits and videotape, as Confidential Discovery Material under the terms of this Protective Order. Until the above-referenced 30 day period expires, the complete deposition transcript and videotape shall be treated as Confidential

Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and on each page that contains Confidential Discovery Material and, if filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of Paragraph 12 *(infra)*.

12. Any party seeking to file Confidential Discovery Material with the Court must first move the Court for leave to file the material under seal, or allow the Producing Party to seek such approval, before so filing. *See, e.g., Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). Should the Court permit the filing of Confidential Discovery Material under seal and such Confidential Discovery Material is to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled on the cover:

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

and, unless otherwise agreed by counsel or directed by the Court, shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by the Court in the Action. If the Court denies leave to file the material under seal, the material may be filed with the Court, but such filing will not otherwise exempt that material from the applicable requirements of this order.

13. Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court. The Producing Party may apply for an order that evidence be received *in camera* or under other less public circumstances to prevent unnecessary disclosure.

14. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit to so use or discuss that material for any reason. Any such use or discussion of

Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

15. This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Discovery Material produced in this Action can only be used in conjunction with this Action. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or doctrine.

16. The following procedures shall apply to any disputes arising from the designation of Discovery Materials as confidential pursuant to this Protective Order:

(a) If a party in good faith disagrees with the Producing Party's confidential designation, that party shall inform counsel for the Producing Party in writing of that disagreement no later than 21 calendar days prior to the filing of the final pretrial order. Such writing shall sufficiently describe the documents subject to disagreement, by production number if one has been applied to the document, to allow the Producing Party to identify the documents;

(b) Upon written notification that a party disagrees with a confidential designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without Court intervention;

(c) If the dispute is not resolved within 14 calendar days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke the Court rules and procedures for raising discovery disputes. The Producing Party shall bear the

burden of proving that information has properly been designated as Confidential Discovery Material; and

    (d) Until such time as any such judicial process has been initiated and resolved, all parties receiving Confidential Discovery Material shall abide by the designation.

  17. Each document, material, or other thing, or portion thereof designated as confidential shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

  18. Except as otherwise agreed in writing by the parties, within 90 days after the entry of a final judgment (including resolution of appeals or petitions for review), all Discovery Material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall, at the possessing party's choice, be returned to the Producing Party or destroyed. Additionally, within 10 days after receiving a written request of the Producing Party, the possessing party's counsel shall certify to the Producing Party that, to the best of counsel's knowledge, all Discovery Material in counsel's possession, custody, or control has been destroyed. Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential Discovery Material that is referred to or attached to any attorney work product), but any such material shall remain subject to this Protective Order. This Protective Order shall survive the final termination of this Action with respect to any such Confidential Discovery Material, except as provided in Paragraph 21 *(infra)*.

19. Within 60 days after this case is closed in the District Court, any Producing Party may obtain the return of any previously-sealed or previously-restricted documents filed with the Clerk of Court by moving the Court for the return of such documents. Any documents that are not so withdrawn will become part of the public case file.

20. Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

21. Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating all provisions of this Protective Order. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

22. The undersigned represent and warrant that they have authority to bind their respective clients with respect to their parties' obligations under this Stipulation. This Stipulation may be signed by the parties in counterpart.

Pursuant to the Court's Case Management Procedures, a copy of this Stipulation is being submitted to the Court via email.

/s/ William B. Federman
William B. Federman
Jennifer S. Montagna
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue

Oklahoma City, OK 73120
(405) 235-1560

*Lead Counsel for Plaintiffs*

James T. Crotty
JAMES T. CROTTY & ASSOCIATES
208 S. LaSalle St., Suite 1750
Chicago, IL 60604
(312) 623-1599

*Liaison Counsel for Plaintiffs*

Samuel H. Rudman
Joseph Russello
Andrea Y. Lee
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Additional Counsel for Plaintiffs*

/s/ James W. Ducayet
James W. Ducayet
Kristen R. Seeger
Meredith Jenkins Laval
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7000

*Counsel for Broadwind Energy, Inc. and J. Cameron Drecoll*

DATED: May 14, 2012

IT IS SO ORDERED.

_____
James B. Zagel
United States District Court Judge

11

APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR L. BRASHER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 11-CV-0991 |
| v. | ) |
| | ) Honorable James B. Zagel |
| BROADWIND ENERGY, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**UNDERTAKING**

The undersigned hereby certified that he/she has received a copy of the Stipulated Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the Confidentiality Order and agrees to be bound by all of the provisions thereof, and agreed to submit to the jurisdiction of the United States District Court for the Northern District of Illinois, for the enforcement thereof.

Dated: _____     Name: _____

                                                             Signed: _____