UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR L. BRASHER, *et al.*, | ) |
| Plaintiffs, | ) Case No. 11-CV-0991 |
| vs. | ) Honorable James B. Zagel |
| BROADWIND ENERGY, INC., *at al.*, | ) |
| Defendants. | ) |

MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...........................................................................................1

II. FACTUAL BACKGROUND................................................................................................2

III. ARGUMENT.........................................................................................................................4

    A. Defendants Have Not Made a Threshold Showing of Standing to Object to the Clipper and GE Subpoenas ...............................................................................4

    B. The Discovery Sought is Well Within the Permissible Scope of Discovery Contemplated by the Order and Fed. R. Civ. P. 26 and 45......................................6

        1. Fed. R. Civ. P. 26 and 45 Encourage and Permit Broad Discovery ............6

        2. The Discovery Sought From Clipper and GE is Well Within the Bounds of the Order and Fed. R. Civ. P. 26 and 45......................................8

        3. The Court Should Reject Defendants' Proposed Restriction on the Scope of Discovery .......................................................................................9

    C. Aside from the Other Deficiencies that Warrant Denial of this Motion, Defendants' Objection to the Clipper and GE Depositions is Premature..............11

    D. Defendants' Alternate Request to Delay the Clipper and GE Depositions, Pending the Completion of Party Depositions, is Improper .................................12

IV. CONCLUSION....................................................................................................................13

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Biedrzycki v. Town of Cicero*,
 No. 04 C 3277, 2005 U.S. Dist. LEXIS 16423
 (N.D. Ill. Aug. 8, 2005)..................................................................................................12, 13

*Brasher v. Broadwind Energy, Inc.*,
 No. 11 CV 991, 2012 U.S. Dist. LEXIS 55194
 (N.D. Ill. Apr. 19, 2012) ................................................................................................2, 3, 8

*Chavez v. Daimler Chrysler*,
 206 F.R.D. 615 (S.D. Ind. 2002)......................................................................................6, 7, 8

*Countryman v. Cmty. Link Fed. Credit Union*,
 No. 1:11-CV-136, 2012 U.S. Dist. LEXIS 47681
 (N.D. Ind. Apr. 3, 2012).......................................................................................................4, 5

*Hunt Int'l Res. Corp. v. Binstein*,
 98 F.R.D. 689 (N.D. Ill. 1983).............................................................................................4, 11

*Kessel v. Cook County*,
 No. 00 C 3980, 2002 U.S. Dist. LEXIS 4185
 (N.D. Ill. Mar. 14, 2002).........................................................................................................9

*Kodish v. Oakbrook Terrace Fire Prot. Dist.*,
 235 F.R.D. 447 (N.D. Ill. 2006)............................................................................................10

*Lovora v. Toys "r" Us-Delaware, Inc.*,
 No. 08-CV-292, 2008 U.S. Dist. LEXIS 121312
 (E.D. Wis. Oct. 31, 2008) .....................................................................................................11

*Meyer Corp. U.S. v. Alfay Designs, Inc.*,
 No. CV 2010 3647 (CBA)(MDG), 2012 U.S. Dist. LEXIS 114533
 (E.D.N.Y. Aug. 14, 2012).......................................................................................................5

*NLRB v. Modern Drop Forge Co.*,
 No. 96-3735, 1997 U.S. App. LEXIS 5185
 (7th Cir. Mar. 14, 1997)........................................................................................................11

*Oppenheimer Fund, Inc. v. Sanders*,
 437 U.S. 340 (1978)............................................................................................................6, 7

*Perry v. Best Lock Corp.*,
 No. 98-936-C H/G, 1999 U.S. Dist. LEXIS 23601
 (S.D. Ind. Jan. 21, 1999).........................................................................................................4

**Page**

*Rawat v. Navistar Int'l Corp.*,
   No. 08 C 4305, 2011 U.S. Dist. LEXIS 98432
   (N.D. Ill. Sept. 1, 2011) ...................................................................................................6, 7

*Schaap v. Exec. Indus., Inc.*,
   130 F.R.D. 384 (N.D. Ill. 1990)......................................................................................7, 8

*SEC v. Roszak*,
   495 F. Supp. 2d 875 (N.D. Ill. 2007) ...................................................................................10

*Shiner v. American Stock Exchange*,
   28 F.R.D. 34 (S.D.N.Y. 1961) ..............................................................................................11

*Teed v. JT Packard & Assocs.*,
   No. 10-MISC-23, 2010 U.S. Dist. LEXIS 86113
   (E.D. Wis. July 20, 2010) ................................................................................................5, 7

*Teton Homes Eur. v. Forks RV*,
   No. 1:10-CV-33, 2010 U.S. Dist. LEXIS 96109
   (N.D. Ind. Sept. 14, 2010)............................................................................................6, 7, 8

*U.S. v. Raineri*,
   670 F.2d 702 (7th Cir. 1982) ..................................................................................................4

*Wauchop v. Domino's Pizza, Inc.*,
   138 F.R.D. 539 (N.D. Ind. 1991) .........................................................................................7

*Wi-Lan, Inc. v. LG Electronics, USA, Inc.*,
   No. 10 CV 7721, 2011 U.S. Dist. LEXIS 4606
   (N.D. Ill. Jan. 18, 2011) ........................................................................................................5

*Wychocki v. Franciscan Sisters*,
   No. 10 C 2954, 2011 U.S. Dist. LEXIS 63223
   (N.D. Ill. June 15, 2011) .....................................................................................................10

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26 ................................................................................................................6, 7
    Rule 45...........................................................................................................6, 7, 12

Plaintiffs respectfully submit this memorandum of law in opposition to the motion filed by defendants Broadwind Energy, Inc. ("Broadwind") and J. Cameron Drecoll ("Defendants") for a protective order limiting the scope of discovery and precluding depositions of non-parties Clipper Windpower, LLC ("Clipper") and General Electric ("GE"). As shown below, Defendants have no standing to object to discovery of Clipper or GE and cannot circumvent this threshold deficiency under the guise of contesting the scope of discovery.

I.  **PRELIMINARY STATEMENT**

Based on an exceedingly narrow interpretation of the Court's motion to dismiss decision, Defendants request this Court to limit the scope of discovery and preclude depositions of Clipper and GE. Yet Defendants have failed to make a threshold showing of standing to object to the depositions because, as detailed below, they have not shown that the discovery sought implicates a privilege or personal right to the information. Nor can they purport to stand in the shoes of Clipper and GE by arguing that such discovery would impose an undue burden or expense *on Clipper and GE*. Only Clipper and GE may make those arguments – but have elected not to do so – and Defendants cannot represent their non-party interests under the guise of this motion. In addition, Defendants have failed to substantiate their concerns or to show that the discovery sought is irrelevant. In fact, they have not even shown that this motion is ripe, since no questions have yet been posed to Clipper or GE.

Nor can Defendants circumvent their standing deficiency by purporting to use this motion to limit discovery to what they contend is the "remaining claim at issue." *See* Defendants' Motion for Protective Order ("Def. Mot."), at ¶7. Indeed, as a practical matter, the restrictions that Defendants propose would improperly inhibit inquiry into the circumstances that resulted in the impairment of Broadwind's goodwill and other intangible assets in the first place, such as declining demand for Broadwind products – a topic that any deposition of Clipper or GE, Broadwind's largest customers, would cover. It is inconceivable how these and other issues are beyond the scope of discovery.

**II.   FACTUAL BACKGROUND**

On April 19, 2012, this Court issued a Memorandum Opinion and Order deciding the motion to dismiss (the "Order"). *See Brasher v. Broadwind Energy, Inc.*, No. 11 CV 991, 2012 U.S. Dist. LEXIS 55194 (N.D. Ill. Apr. 19, 2012). In sustaining a claim that Defendants delayed disclosure of the impairment of Broadwind's goodwill and intangible assets so that its secondary stock offering could occur, the Court reasoned: "It is difficult to imagine that as late as January 15, 2010, the date Defendants filed their prospectus – less than two months before the write-down was recorded – Defendants did not have knowledge that a substantial write-down in the coming weeks was a certainty." *Id.* at *67; *see also id.* at *68 ("Plaintiffs have pled . . . that, at least by the time the S-1/A and Prospectus statements were filed, Defendants knew that a substantial write-down (*i.e.* the results of the impairment test) was not just possible, but inevitable.").

Moreover, as the Court explained, the decline in customer demand for Broadwind's products, among other factors, directly led to the impairment of goodwill and intangible assets that Broadwind disclosed after the offering had successfully taken place:

> Defendants knew that a "significant share of the purchase price value" of its intangible assets was valued "*against key wind customer contracts*." (Defendant Kushner, March 12, 2010 Earnings Conference Call). At the time impairment testing began, in October 2009 for goodwill and presumably around the same time for other long-lived intangible assets, Defendants also knew, *based on weak demand all year, that the value of those key wind customer contracts had substantially declined since October 2007*, when first recorded. So at best, in January 2010 with impairment testing two months underway and demand continuing to lag, Defendants' statement that "a change in our expectation of future cash *from one or more of these customers could indicate potential impairment* to the carrying value of our assets" was a "reckless gamble" that the situation would right itself before impairment testing was concluded and write-downs recorded.

*Id.* at *69 (emphasis added). Thus, in denying dismissal as to claims directed to disclosure of the impairments, the Court expressly recognized (much like Defendants) a link between the performance and value of Broadwind's "key wind customer contracts" and the impairments themselves. *Id.*

After the Court issued the Order, discovery began. Heeding the Court's admonitions that the surviving claims would "define the ambit of the discovery that's to be permitted" and "[d]iscovery that is not likely to go to the intangible assets will not be permitted," *see* Def. Mot. at Ex. A, 3:23-25, Plaintiffs embarked on limited discovery of Broadwind's "two largest customers," Clipper and GE (*Brasher*, 2012 U.S. Dist. LEXIS 55194, at *9), as well as other relevant third parties not at issue. Of the 32 individuals/entities that Plaintiffs identified in their Initial Disclosures, Clipper and GE are but two. *See* Declaration of William B. Federman, dated November 12, 2012, Ex. A at pp. 4-7.

After receiving document productions from Clipper and GE in response to earlier subpoenas, Plaintiffs served a deposition subpoena, dated October 25, 2012, on Clipper. *See* Def. Mot. at Ex. B. On November 1, 2012, Defendants filed this motion, contending that the deposition topics identified in the subpoena "range far beyond the impairment issue and instead focus on dismissed matters such as demand forecasts, projections, employee layoffs, and credit availability at Brad Foote." *See* Def. Mot. at ¶5. In actuality, however, the topics directly concern the performance – and, thus, the value – of Clipper's contractual relationship with Broadwind, as well as information about Broadwind that Clipper may have gleaned from that relationship. *See* Def. Mot. at Ex. B, ¶¶1-15.

For example, the topics include Clipper's product forecasts or estimates (*id*., Ex. B, ¶¶1, 4-6); customer demand for Broadwind products (*id*., Ex. B, ¶¶2, 7-9, 11); the terms and performance of Clipper contracts (*id*., Ex. B, ¶¶3, 10, 14); problems facing Broadwind that could have adversely affected performance of such contracts (*id*., Ex. B, ¶¶12, 15); and Clipper's interaction with the U.S. Securities and Exchange Commission concerning its relationship with Broadwind (*id*., Ex. B, ¶13).[1] All of these topics concern issues that are still pertinent to the remaining claims.

---

[1] An SEC investigation of Broadwind is ongoing. *See* Federman Decl., ¶19, Ex. G.

**III.     ARGUMENT**

    **A.     Defendants Have Not Made a Threshold Showing of Standing to Object to the Clipper and GE Subpoenas**

Because Defendants have failed to make a threshold showing necessary to establish standing to object to the discovery sought from Clipper and GE, they do not have a legal entitlement to seek – let alone to secure – a protective order precluding such third party discovery.

Ordinarily, a party is not vested with standing to object to a subpoena directed to another. *See, e.g.*, *Hunt Int'l Res. Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D. Ill. 1983) ("Generally, it is the person to whom a subpoena is directed who has standing to seek a motion to quash."); *Countryman v. Cmty. Link Fed. Credit Union*, No. 1:11-CV-136, 2012 U.S. Dist. LEXIS 47681, at *7 (N.D. Ind. Apr. 3, 2012) (recognizing the "general rule" that "only the person to whom a subpoena is directed may move to quash it"). However, a party may demonstrate standing by establishing the existence of a privilege or personal right concerning the information sought.[2] *See, e.g.*, *Hunt*, 98 F.R.D. at 690 (observing that a party "lacks standing to halt the deposition" unless it "can demonstrate a personal right or privilege with respect to the subject matter of the deposition"); *Countryman*, 2012 U.S. Dist. LEXIS 47681, at *7 ("[A] party can object to a subpoena directed at a non-party by asserting a personal right or privilege regarding the documents sought.").

---

[2]     Although the Seventh Circuit Court of Appeals held that "[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests[,]" it did so in a criminal case in which "[t]he prosecution's standing rested upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [a witness's] credibility." *U.S. v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982); *cf. Perry v. Best Lock Corp.*, No. 98-936-C H/G, 1999 U.S. Dist. LEXIS 23601, at *3 (S.D. Ind. Jan. 21, 1999) (noting that "discovery may impinge upon legitimate privacy interests without threatening the narrow areas of information and communication protected by legal privileges"). Here, Defendants made no effort to establish standing to object to third-party discovery, and, in any event, the discovery sought cannot conceivably implicate any of their "legitimate privacy interests."

Thus, for example, in *Wi-Lan, Inc. v. LG Electronics, USA, Inc.*, No. 10 CV 7721, 2011 U.S. Dist. LEXIS 4606 (N.D. Ill. Jan. 18, 2011) (Zagel, J.), this Court declined to consider the plaintiff's submission on a motion filed by two non-parties to quash the defendant's subpoena. In that case, the Court noted: "[f]requently in such circumstances . . . the nominally uninvolved party makes a claim of right or privilege with respect to documents or topics for deposition" or "simply remain[s] silent." *Id.* at *7. There, however, the plaintiff purportedly made its submission for the "stated purpose" of "'provid[ing] the court with a balanced view of the litigation.'" *Id.* (quoting submission). Refusing to consider it, the Court acknowledged that "[c]ourts have consistently held that absent a showing of personal right or privilege with respect to the documents or subjects of a non-party subpoena, a party has no standing to challenge (or, as here, comment upon) that subpoena." *Id.*

Here, despite their passing citation to *Countryman* (*see* Def. Mot. at ¶6), Defendants have not even attempted to demonstrate a privilege or personal right concerning the information sought from Clipper and GE. Nor does a privilege or right naturally exist here. Indeed, while "[b]usinesses have a legitimate interest in the privacy of their financial information that can confer standing to challenge a subpoena to a third party to produce that information[,]" *Countryman*, 2012 U.S. Dist. LEXIS 47681, at *8, the deposition subpoena at issue, detailed above, primarily concerns *Clipper's* financial information. Thus, even if Defendants had attempted to establish standing, they could not possibly articulate a privilege or personal right to internal information generated and maintained by Clipper (or GE). *See Teed v. JT Packard & Assocs.*, No. 10-MISC-23, 2010 U.S. Dist. LEXIS 86113, at *7 (E.D. Wis. July 20, 2010) (deeming a "conclusory assertion" insufficient); *see also Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. CV 2010 3647 (CBA)(MDG), 2012 U.S. Dist. LEXIS 114533, at *2 (E.D.N.Y. Aug. 14, 2012) (finding that defendants lacked standing to move to quash a non-party subpoena where they failed to "claim any privilege or other personal right").

Accordingly, because Defendants have failed to establish standing to object to the discovery sought from Clipper and GE, they cannot obtain a protective order precluding such discovery.

**B.     The Discovery Sought Is Well Within the Permissible Scope of Discovery Contemplated by the Order and Fed. R. Civ. P. 26 and 45**

Notwithstanding Defendants' standing deficiency (which requires the denial of this motion), the discovery sought from Clipper and GE is well within the scope of discovery contemplated by the Order and the Federal Rules of Civil Procedure. In addition, the restrictions that Defendants seek to place on the scope of discovery are inappropriate. In fact, Defendants have failed to carry their burden to justify the imposition of *any* limitation on discovery – third-party or otherwise.

**1.     Fed. R. Civ. P. 26 and 45 Encourage and Permit Broad Discovery**

The scope of discovery allowed by Fed. R. Civ. P. 45 "is as broad as that which is otherwise permitted under the discovery rules." *Teton Homes Eur. v. Forks RV*, No. 1:10-CV-33, 2010 U.S. Dist. LEXIS 96109, at *5 (N.D. Ind. Sept. 14, 2010). Fed. R. Civ. P. 26(b)(1) "permits discovery into 'any non-privileged matter that is *relevant* to any party's claim or defense . . . .'" *Id*. at *5 (quoting Fed. R. Civ. P. 26(b)(1) (emphasis added). Relevancy is "construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" *Teton*, 2010 U.S. Dist. LEXIS 96109, at *5 (quoting *Chavez v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002), which, in turn, quoted *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Accordingly, "discovery is not limited to the specific issues raised in the parties' pleadings" nor is it "constrained in a narrow way by a case's merits," as Defendants contend. *Rawat v. Navistar Int'l Corp*., No. 08 C 4305, 2011 U.S. Dist. LEXIS 98432, at *17 (N.D. Ill. Sept. 1, 2011). Rather, "'discovery itself is designed to help define and clarify what the issues are'" and, consequently, "'a variety of fact-oriented issues may arise during litigation that are not related to the merits'" but that

may nevertheless lead to the discovery of relevant information – even if not admissible as evidence. *Rawat*, 2011 U.S. Dist. LEXIS 98432, at *17 (quoting *Oppenheimer*, 437 U.S. at 351).

"'When the discovery sought appears relevant, the party resisting [it]'" must show "'that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Teton*, 2010 U.S. Dist. LEXIS 96109, at *5-*6 (quoting *Chavez*, 206 F.R.D. at 619); *see also Schaap v. Exec. Indus., Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990) ("[A] request for discovery must be complied with unless it is clear that *there is no possibility that the information sought may be relevant* to the subject matter of the litigation.") (emphasis added).

To carry this burden, "the resisting party must 'specifically detail . . . why each [request] is irrelevant . . . .'" *Teton*, 2010 U.S. Dist. LEXIS 96109, at *6 (quoting *Schaap*, 130 F.R.D. at 387). "Objections that [discovery requests] are 'overly broad, burdensome, oppressive and irrelevant'" – such as those asserted by Defendants here – "'are too general to warrant a protective order.'" *Teton*, 2010 U.S. Dist. LEXIS 96109, at *6 (quoting *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 544 (N.D. Ind. 1991)); *see also Teed*, 2010 U.S. Dist. LEXIS 86113, at *7 (finding that a party did not have standing to object to a non-party subpoena and that "even if [it] had standing to challenge the subpoena, its conclusory assertion that it will be prejudiced by the deposition would not provide a basis for refusing to enforce the subpoena").

As demonstrated below, the discovery sought from Clipper and GE is proper, and the scope limitation that Defendants have proposed is inconsistent with the liberal scope of discovery afforded by Fed. R. Civ. P. 26 and 45, as informed by the Order.

### 2. The Discovery Sought from Clipper and GE Is Well Within the Bounds of the Order and Fed. R. Civ. P. 26 and 45

As Defendants point out, the Court denied dismissal of the claims directed to disclosure of the impairment and contemplated that discovery would hew to such claims. *See* Def. Mot. at ¶¶1-3. Consistent with the confines of the Order, Plaintiffs obtained document discovery from Clipper and GE and served a deposition subpoena on Clipper. As detailed above, the deposition topics identified in the subpoena largely involve Clipper's internal financial information and its business relationship with Broadwind. Accordingly, the deposition is calculated to lead to the development of information concerning the nature and timing of the decrease in value of the Clipper relationship, which, in large part, required Broadwind to record an "$82.2 million impairment charge . . . [which] represented approximately 63 percent of [its] goodwill and intangible balances." *Brasher*, 2012 U.S. Dist. LEXIS 55194, at *67. A deposition of GE would reveal similar information about its relationship.

To preclude such discovery, Defendants must concretely detail why the information sought "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *See Teton*, 2010 U.S. Dist. LEXIS 96109, at *5-*6 (quoting *Chavez*, 206 F.R.D. at 619). In other words, they must satisfactorily show that "there is no possibility that the information sought may be relevant to the subject matter of the litigation." *See Schaap*, 130 F.R.D. at 387. As their motion itself evidences, Defendants do not even come close to carrying this burden.

Rather, they proclaim, without any substantiation whatsoever, that depositions of Clipper and GE "would impose a significant burden but convey no additional benefit to resolving the remaining claim at issue." *See* Def. Mot. at ¶7. In fact, they argue, again without any substantiation, that these depositions would thrust "substantial expense upon Defendants and their customers" and "yield secondhand information" that Plaintiffs could obtain "from Defendants themselves . . . ." *Id*. at ¶8.

- 8 -

According to Defendants, "reasonably limited requests directed to Defendants are more convenient, less burdensome, and less expensive than the discovery proposed from Clipper and GE." *Id.* In addition, Defendants add, "Plaintiffs have already obtained [document] discovery from Clipper and GE" that, in their view, "convey[s] what, if any, information Clipper or GE possesses regarding Defendants' state of mind as to a pending impairment." *Id.* at ¶9.

Yet, conspicuously absent from Defendants' motion is any submission by Clipper or GE – in the form of a declaration or otherwise – to substantiate these claims of burden and expense. In fact, Defendants cannot even show how *they* are inconvenienced by the depositions or why the discovery is likely to yield information of questionable relevance. Nor can Defendants show that Clipper and GE are unable (or unwilling) to produce competent witnesses to sit for a deposition. *See Kessel v. Cook County*, No. 00 C 3980, 2002 U.S. Dist. LEXIS 4185, at *7 (N.D. Ill. Mar. 14, 2002).

In short, Defendants have advanced nothing except conclusory objections that are insufficient to deprive Plaintiffs of the reasonable and relevant discovery of Clipper and GE that they seek.

### 3. The Court Should Reject Defendants' Proposed Restriction on the Scope of Discovery

Using this motion as a vehicle by which to constrain discovery, Defendants purport to seek "a protective order limiting the scope of discovery to the remaining claim" they believe exists: "that Defendants delayed their impairment testing and reporting in late 2009 and early 2010." *See* Def. Mot. at pp. 1, 5. However, even a cursory review of their motion reveals that Defendants seek much more: an order precluding discovery of *any matter that is not directly related to their awareness of timing of the public disclosure of the impairments.* This explains why Defendants contend that the Clipper and GE depositions are unnecessary: because, in their view, such discovery would not relate to their "knowledge, understanding, and state of mind" as to timing of disclosure of the impairment testing results. *See* Def. Mot. at ¶7 (portraying such view).

As noted, however, discovery concerning the circumstances that gave rise to Broadwind's need to record an $82.2 million impairment charge is essential to proving when and how Defendants knew that an impairment charge was necessary. But since Defendants do not typically admit when they have committed fraud, Plaintiffs must build their case with circumstantial evidence. *See SEC v. Roszak*, 495 F. Supp. 2d 875, 886-87 (N.D. Ill. 2007) (noting that those involved in a fraud are not likely to admit liability and that circumstantial evidence of the fraud is therefore sufficient).

Here, Clipper and GE were Broadwind's two largest customers during the relevant period and the decline in value of their contractual relationships was a substantial cause of the impairment. Depositions of Clipper and GE would shed light on the internal documents they produced and yield relevant information about their relationships – and the decline in value of those relationships – that discovery of Defendants alone simply could not (or would not) provide. *See* Federman Decl., ¶¶4-18, Exs. B-F (discussing and attaching internal materials produced by Clipper and GE).

Moreover, Defendants seek a protective order restricting discovery, yet they do not provide the Court with the means to assess whether the discovery sought from *them* warrants the restrictions they seek. In fact, Defendants do not even argue that the discovery sought from them is improper. To the contrary, they contend that "Plaintiffs can seek discovery from Defendants themselves as the direct source of information" in lieu of seeking it from Clipper or GE. *See* Def. Mot. at ¶8. That is not the case, and Defendants have failed to show that a protective order is otherwise justified.

"'Courts commonly look unfavorably upon significant restrictions placed upon the discovery process . . . .'" *Wychocki v. Franciscan Sisters*, No. 10 C 2954, 2011 U.S. Dist. LEXIS 63223, at *8 (N.D. Ill. June 15, 2011) (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006)). Here, Defendants' proposed restrictions would improperly impede Plaintiffs from marshaling key evidence in support of this case based on nothing more than their say-so.

### C. Aside from the Other Deficiencies that Warrant Denial of this Motion, Defendants' Objection to the Clipper and GE Depositions is Premature

Aside from the other grounds that warrant the denial of this motion, Defendants' objections to the discovery sought from Clipper and GE are premature because they would require this Court to pass on the relevancy of testimony that Plaintiffs have not yet elicited. Indeed, Defendants seek to preclude the depositions of Clipper and GE without having heard a single question directed to either of them. Thus, "[t]he questions at issue now exist only in an abstract form" and the Court is "placed in the awkward and untenable position of attempting to evaluate theoretical questions which *might* be posed to [Clipper and GE] rather than questions which actually *were* posed [to them]."[3] *NLRB v. Modern Drop Forge Co.*, No. 96-3735, 1997 U.S. App. LEXIS 5185, at *5-*6 (7th Cir. Mar. 14, 1997). In fact, Defendants concede that Plaintiffs have not yet served a deposition subpoena on GE. *See* Def. Mot. at ¶5 ("Plaintiffs soon will issue a similar subpoena to GE.").

Thus, Defendants' objections are not only premature as to the GE and Clipper depositions, but, in GE's case, they are also purely academic at this juncture.[4]

---

[3] For example, as Judge Aspen noted, even "challenges to the taking of an attorney's deposition, based upon claims that any of the attorney's testimony will involve disclosure of privileged information or 'work product,' have been held to be premature." *Hunt*, 98 F.R.D. at 690 (citing *Shiner v. American Stock Exchange*, 28 F.R.D. 34 (S.D.N.Y. 1961), and finding persuasive its reasoning that "preventing the taking of a deposition . . . would tend to limit or fix the scope of the examination before it began and would usurp the court's role in deciding whether certain questions seek privileged information"). In *Hunt*, Judge Aspen found that the plaintiffs had standing to object to a subpoena directed to their attorney, but denied their motion to quash. 98 F.R.D. at 690-91.

[4] The failure to provide the Court with a copy of the GE subpoena – which has not yet been served – is arguably fatal to their request to preclude the GE deposition. *See Lovora v. Toys "r" Us-Delaware, Inc.*, No. 08-CV-292, 2008 U.S. Dist. LEXIS 121312, at *4 (E.D. Wis. Oct. 31, 2008) ("Toys "R" Us has not provided the court with a copy of the subpoena it asks the court to quash. Therefore, the court is obliged to deny defendant's motion to quash.").

### D. Defendants' Alternate Request to Delay the Clipper and GE Depositions, Pending the Completion of Party Depositions, Is Improper

Defendants' alternate request to delay the Clipper and GE depositions pending completion of party depositions is also improper.

*First*, information gleaned from the testimony of Clipper and GE would likely be of use in preparing for and conducting depositions of Defendants and Broadwind's representatives. It would be drastically inefficient to hold party depositions first, when there is a reasonable possibility that Plaintiffs would need to re-call party witnesses for deposition if (and when) discovery of Clipper and GE reveals pertinent information that would have been useful during the earlier depositions. Thus, allowing the Clipper and GE depositions to occur would *benefit*, rather than prejudice, Defendants.

*Second*, Defendants do not merely request the Court to temporarily delay the Clipper and GE depositions. Rather, they ask the Court to preclude the depositions until party depositions take place, and then, only permit the Clipper and GE depositions "subject to a showing by Plaintiffs pursuant to Fed. R. Civ. P. 45(c)(3)(C) that there is a substantial need for such testimony that cannot otherwise be met without undue hardship." *See* Def. Mot. at 5. Yet, this relief would place Defendants in the shoes of Clipper and GE, who themselves have not sought to preclude the discovery sought. In fact, as noted, Defendants have not obtained a declaration from Clipper or GE to substantiate the notion that the third-party discovery sought is unduly burdensome, cumulative or improper – *as to anyone*.

*Third*, requiring Plaintiffs to demonstrate "substantial need" for testimony from Clipper and GE "that cannot otherwise be met without undue hardship" would require them to carry a burden they simply do not have. As explained above, Defendants lack standing to object to the third-party discovery sought and have otherwise failed to carry their burden – as the party "resisting" discovery, under the guise of opposing depositions of Clipper and GE – to demonstrate that the discovery is not calculated to yield relevant information. *See Biedrzycki v. Town of Cicero*, No. 04 C 3277, 2005

U.S. Dist. LEXIS 16423, at *10 (N.D. Ill. Aug. 8, 2005) (rejecting the defendants' "undue burden objections" to a subpoena "where the third-party fully complied with production, without objection, and within their allotted time" and instead reviewing certain requests subject to a claim of privilege).

Accordingly, the Court should also reject Defendants' alternate request to delay the Clipper and GE depositions pending completion of party depositions.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion and grant such other and further relief as it deems just and proper.

DATED: November 12, 2012

Respectfully submitted,

/s/ William B. Federman
William B. Federman
Jennifer S. Montagna
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

*Lead Counsel for Plaintiffs*

James T. Crotty
JAMES T. CROTTY & ASSOCIATES
208 S. LaSalle St., Suite 1750
Chicago, IL 60604
Telephone: (312) 623-1599

*Liaison Counsel for Plaintiffs*

Samuel H. Rudman
Joseph Russello
Andrea Y. Lee
ROBBINS GELLER RUDMAN
 & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, William B. Federman, one of Plaintiffs' attorneys, hereby certify that on November 12, 2012, service of the foregoing Memorandum of Law in Opposition to Defendants' Motion for a Protective Order was accomplished pursuant to ECF as to Filing Users and in compliance with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

*/s/ William B. Federman*
WILLIAM B. FEDERMAN