UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR L. BRASHER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 11-CV-0991 |
| ) | |
| vs. ) | Honorable James B. Zagel |
| ) | |
| BROADWIND ENERGY, INC., *at al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

DECLARATION OF WILLIAM B. FEDERMAN IN OPPOSITION
TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

I, William B. Federman, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.     I am an attorney duly admitted to the New York, Oklahoma and Texas state bars and have been admitted *pro hac vice* to this Court. I am a member of the firm of Federman & Sherwood, lead counsel for Plaintiffs in this action, and I submit this Declaration in opposition to the motion filed by defendants Broadwind Energy, Inc. ("Broadwind" or the "Company") and J. Cameron Drecoll ("Drecoll" and, with Broadwind, "Defendants") for a protective order limiting the scope of discovery and precluding the depositions of non-parties Clipper Windpower, LLC ("Clipper") and General Electric ("GE"). I have personal knowledge of the facts of this case, and, if called upon, could and would competently testify thereto.

2.     I submit this Declaration for the limited purpose of placing before the Court certain documents referenced in the accompanying memorandum of law, including internal documents produced by third parties Clipper and GE that, as detailed herein, demonstrate why depositions of current and/or former employees and representatives of Clipper and GE are necessary and that Defendants' proposed artificial limitation on the scope of discovery is inappropriate and unjustified.

3.      Annexed as <u>Exhibit A</u> is a true and correct copy of Plaintiffs' Initial Disclosures, dated May 11, 2012. Of the 32 individuals/entities identified in the Initial Disclosures, Clipper and GE – which Broadwind concedes were its two largest customers during the relevant period – are but two.  Thus, Plaintiffs have largely restricted third-party discovery of Broadwind's customers to Clipper and GE.  Nevertheless, by their motion, Defendants seek a protective order to limit the scope of discovery and preclude the depositions of Clipper and GE.

4.      However, internal documents produced by Clipper and GE show that  .[1]  Depositions of current and/or former employees and representatives of Clipper and GE would shed light on such documents and yield relevant information about such relationships – and the decline in value of those relationships – that discovery of Defendants alone simply could not (or would not) provide.

5.      For example, documents produced by Broadwind, Clipper and GE portray .  In fact, documents that Clipper and GE produced in discovery indicate – a fact that Broadwind might not have known until Clipper and GE produced documents in this action.

---

[1]      The Clipper and GE documents referenced herein are meant to provide the Court with insight into the types of materials that third-party discovery has yielded and which demonstrate why depositions of Clipper and GE are necessary, and are not meant to provide an exhaustive overview of such discovery.  Because Clipper and GE designated these internal documents as "Confidential" under the terms of the May 14, 2012 Protective Order (Dkt. #97), Plaintiffs are separately moving for leave to file these documents, and portions of this Declaration discussing same, under seal.

6. ███████████████, for instance, ████████████████████
████████████████████████████████████████████████████
███████████████. Specifically, GE wrote, in pertinent part, as follows:



*See* GE_BW0008889 (emphasis added), a true and correct copy of which is annexed as <u>Exhibit B</u>.

7. Likewise, ██████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████.

Specifically, Clipper wrote, in pertinent part, as follows:

\*   \*   \*

*See* CLIPP006777 (emphasis added), a true and correct copy of which is annexed as <u>Exhibit C</u>.

8. ██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████. These issues significantly impaired the value of Broadwind's contractual relationships with Clipper and GE and, together with certain other factors, ultimately resulted in the impairment that Broadwind recorded to accurately value its goodwill and other intangible assets.

9. However, continued discovery of Broadwind alone will provide only one side of the picture – Broadwind's side. Without depositions of Clipper and GE or discovery unencumbered by the artificial restrictions that Defendants propose, Plaintiffs will not have an adequate opportunity to explore the other side the picture.

10. For example, in an e-mail ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████. In the email, ████████████████████████ GE emphasized, in pertinent part, the following:

████████████████████████████████████████████████████
████████████████████████████

████████████████████████████████████████████████████
████████████

████████████████████████████████████████████████████
████████████████████

• ████████████████████████████████████████████

*See* GE_BW0001505-06, a true and correct copy of which is annexed as <u>Exhibit D</u>.

11.     This internal correspondence suggests that ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████. Depositions of Defendants may not produce relevant or admissible evidence as to ████

████████████████████████████████████████████

████████████████████████████ – a fact that, if proven, would clearly impact the

value of GE's relationship with Broadwind. Further, whether Defendants knew or reasonably should

have known of the magnitude of these issues, and their impact on Broadwind, is a separate matter.

12.     Likewise, ████████████████████████████

████████████████████████████████████████████

████████████ *See* CLIPP005671, a true and correct copy of which is annexed as <u>Exhibit E</u>.

████████████████████████████████████████████

████████████████████████████████████████████

████████ *Id.*

13.     Subsequently, ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ The representative wrote, in

pertinent part, as follows:



*See* CLIPP005860-62, at 5861 (emphasis added), a true and correct copy of which is annexed as

Exhibit F.

14. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ writing, in pertinent part, as follows:



*Id.* at 5861-62 (emphasis added).

15. In response, ████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████ *Id.* at 5861.

16. And, ██████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████. The representative wrote, in pertinent part, as follows:



*Id.* at 5860 (emphasis added).

17.     Again, as with GE, depositions of Defendants may not produce relevant or admissible evidence as to ███████████████████████████████████ ████████████████████████████████ – a fact that, if proven, would impact the value of Clipper's relationship with Broadwind. And, whether Defendants knew or reasonably should have known of the magnitude of these issues, and their impact on Broadwind, is a separate matter.

18.     These internal communications provide only a snapshot of ████████████ ███████████████████████████████████████████████████████████████████████. Yet, even these limited materials underscore the importance of depositions of Clipper and GE, each of which must tell its side of the story in order to engender a full understanding of the implications of ███████████████████████████████████████████████████ ████████████████. Discovery of Defendants alone cannot provide the quality or degree of insight into these issues as unfettered third-party discovery of Clipper and GE would.

19.     Finally, annexed as <u>Exhibit G</u> are true and correct excepts of Broadwind's November 7, 2012 Form 10-Q for the quarter ending September 30, 2012, in which it disclosed that the U.S. Securities and Exchange Commission is continuing to investigate Broadwind's accounting practices. Specifically, the November 7, 2012 Form 10-Q provides, in pertinent part, as follows:

> In August 2011, the Company received a subpoena from the United States Securities and Exchange Commission ("SEC") seeking documents and other records related to certain accounting practices at Brad Foote. The subpoena was issued in connection with an informal inquiry that the Company received from the SEC in November 2010 arising out of a whistleblower complaint received by the SEC related to revenue recognition, cost accounting and intangible and fixed asset valuations at Brad Foote. <u>The Company has been providing information to the SEC in response to the informal inquiry and subpoena. The Company cannot currently predict the outcome of this investigation.</u>

*Id.* (emphasis added).

20.     Accordingly, for these reasons and the other reasons explained in the accompanying memorandum of law, Plaintiffs respectfully request that the Court deny Defendants' motion and allow depositions of Clipper and GE (by their current and/or former employees and representatives) to take place.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on November 12, 2012.



*/s/ William B. Federman*
William B. Federman

## CERTIFICATE OF SERVICE

I, William B. Federman, one of Plaintiffs' attorneys, hereby certify that on November 12, 2012, service of the foregoing Declaration of William B. Federman in Opposition to Defendants' Motion for a Protective Order was accomplished pursuant to ECF as to Filing Users and in compliance with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

*/s/ William B. Federman*
William B. Federman
