IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR L. BRASHER, *et al.*, | ) |
| Plaintiffs, | ) ) ) Case No. 1:11-CV-00991 |
| v. | ) ) Honorable James B. Zagel |
| BROADWIND ENERGY, INC., *et al.*, | ) ) |
| Defendants. | ) ) |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to an Order of this Court, dated March 14, 2013, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated March 6, 2013 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in the Notice Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice incorporates by reference the definitions in the Stipulation, and all terms used herein and otherwise not defined shall have the same meanings set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court herby appoints, for purposes of effectuating this Settlement, Brian M. Grothues as Lead Plaintiff and class representative.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court herby certifies, for purposes of effectuating the Settlement, a Settlement Class of all Persons who purchased or otherwise acquired Broadwind common stock during the period March 16, 2009 through August 9, 2010, inclusive, including any and all of their respective successors-in-interest, successors, trustees, executors, administrators, estates, heirs, assigns and transferees, and any person or entity acting for or on behalf of, or claiming under, any of them, but excluding Defendants, Dismissed Defendants, and officers and Directors of Broadwind during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which the Defendants or Dismissed Defendants

- 1 -

have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

5. With respect to the Settlement Class, this Court finds for purposes of effectuating the Settlement that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to Lead Plaintiff and the other Members of the Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all

respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs and each of the Class Members. The Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

8. Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal with Prejudice shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Defendants and their Related Parties and the Dismissed Defendants and their Related Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release form. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the inclusion of Unknown Claims (as defined in the Stipulation) in the definition of Released Claims was separately bargained for and was a key element of the Settlement of which this release is a part.

9. Upon the Effective Date, Lead Plaintiff and all Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or proceeding of any kind in any court of law or equity, arbitration tribunal, administrative forum, or any other forum of any kind, asserting against any of the Defendants and their Related Parties or the Dismissed Defendants and their Related Parties, any of the Released Claims.

10. Upon the Effective Date, each of the Defendants and their Related Parties shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal with Prejudice

shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, Class Members, and their counsel, employees, successors, trustees, executors, estates, heirs, administrators, and assigns, from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

11. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Such notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and such notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

12. The Class Action Fairness Act ("CAFA") Notice has been given to the relevant public officials pursuant to and in the manner directed by the Scheduling Order; proof of the mailing of the CAFA Notice was filed with the Court; and full opportunity to be heard has been offered to all recipients of the CAFA Notice. The form and manner of the CAFA Notice is hereby determined to have been given in compliance with each of the requirements of 28 U.S.C. § 1715.

13. Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Award shall in no way disturb or affect this Final Judgment and Order of Dismissal with

Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

14. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing, fault or liability of Defendants or Dismissed Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, wrongdoing, omission or liability of any Defendant or Dismissed Defendant in any court of law or equity, arbitration tribunal, administrative proceeding in any court, administrative agency or other tribunal, or any other forum of any kind. Defendants and Dismissed Defendants may file the Stipulation and/or this Final Judgment and Dismissal with Prejudice in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim. In addition, nothing contained in this paragraph shall prevent the Stipulation and this Final Judgment and Order of Dismissal with Prejudice (or any agreement or order relating thereto) from being used, offered or received in evidence in any proceeding to approve, enforce or otherwise effectuate the Stipulation (or any agreement or order relating thereto) or this Final Judgment and Dismissal with Prejudice, or to enforce or effectuate provisions of the Settlement, this Final Judgment and Dismissal with Prejudice, or the Proofs of Claim and Release as to the Defendants and their Related Parties or the Dismissed Defendants and their Related Parties.

15. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation

of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned pursuant to the Stipulation, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 6/27/13

*James B. Zagel*

THE HONORABLE JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE